United States District Court
Southern District of Texas
**ENTERED**
June 27, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRUILO RUDIO MENDOZA,<br>TDCJ #01820675,<br><br>Petitioner,<br><br>v.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal<br>Justice — Correctional<br>Institutions Division,<br><br>Respondent.[1] | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§    CIVIL ACTION NO. H-15-3085 |

## MEMORANDUM OPINION AND ORDER

Bruilo Rudio Mendoza, an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division, filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") challenging the validity of his conviction for aggravated assault from the 230th Judicial District Court of Harris County, Texas. (Docket Entry No. 1) Pending before the court is Respondent's Motion for Summary Judgment with Brief in Support ("Respondent's MSJ") (Docket Entry No. 8). Mendoza has not filed a reply to the motion, and the state court records have been

---

[1]Effective May 1, 2016, Lorie Davis has succeeded William Stephens as Director of the Texas Department of Criminal Justice – Correctional Institutions Division. Accordingly, Davis is automatically substituted as the respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. All page number citations are to the pagination imprinted by the federal court's electronic filing system at the top and right of the document.

submitted for review.   The court concludes that Mendoza is not entitled to federal habeas relief and will grant Respondent's MSJ for the reasons explained below.

## I.   Procedural History and Claims

In Montgomery County cause number 12-07-07741-CR Mendoza was charged by indictment with two counts of aggravated sexual assault of a child ("Counts I and II") and one count of sexual assault of a child ("Count III").[2]   Mendoza executed waivers of his rights and entered a guilty plea to the charges against him under the terms of a written plea agreement.[3]   Mendoza elected to have a judge determine his punishment.[4]   The trial judge sentenced Mendoza to forty years' imprisonment on Counts I and II[5] and to twenty years' imprisonment on Count III to run concurrently.[6]   Mendoza did not appeal his conviction.[7]

On July 8, 2013, Mendoza signed a state application for habeas relief challenging his conviction.   In this application,

---

[2]Indictment, Docket Entry No. 9-2, p. 52.

[3]Waivers, Consent, Judicial Confession & Plea Agreement, Docket Entry No. 9-2, pp. 57, 64, 71.

[4]Id.

[5]Judgment of Conviction by Court (Counts I and II), Docket Entry No. 9-2, pp. 54, 61.

[6]Judgment of Conviction by Court (Count III), Docket Entry No. 9-2, p. 68.

[7]Petition, Docket Entry No. 1, p. 3.

Mendoza argued that he was entitled to relief because (1) his guilty plea was not voluntary, (2) he was denied the effective assistance of trial counsel, and (3) he is actually innocent of the offenses for which he has been convicted.[8]  The state habeas court entered findings of fact and concluded that Mendoza was not entitled to relief on any of his claims.[9]  On August 26, 2015, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court.[10]

Mendoza has now filed a petition for federal habeas corpus relief under 28 U.S.C. § 2254.[11]  In his Petition, Mendoza raises the same claims that were presented in state court on collateral review.[12]   Arguing that these claims are without merit, the Respondent moves for summary judgment.[13]

## II.   **Standard of Review**

### A.   **Summary Judgment**

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant

---

[8]Petition, Docket Entry No. 1, pp. 6, 10.

[9]Findings of Fact and Conclusions of Law, Docket Entry No. 9-2, pp. 49-50.

[10]Action Taken, Writ No. 83,696-01, Docket Entry No. 9-1, p. 1.

[11]Petition, Docket Entry No. 1.

[12]Id. at 6-8.

[13]Respondent's Motion, Docket Entry No. 8.

is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).
Disputes about material facts are "genuine" if the evidence is such
that a reasonable jury could return a verdict for the nonmoving
party.  Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511
(1986).  The Supreme Court has interpreted the plain language of
Rule 56(c) to mandate the entry of summary judgment "after adequate
time for discovery and upon motion, against a party who fails to
make a showing sufficient to establish the existence of an element
essential to that party's case, and on which that party will bear
the burden of proof at trial."  Celotex Corp. v. Catrett, 106
S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the
absence of a genuine issue of material fact,' but need not negate
the elements of the nonmovant's case."  Little v. Liquid Air Corp.,
37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (quoting Celotex,
106 S. Ct. at 2553).  If the moving party meets this burden,
Rule 56(c) requires the nonmovant to show that specific facts exist
over which there is a genuine issue for trial.  Id. (citing
Celotex, 106 S. Ct. at 2553-54).  In reviewing the evidence "the
court must draw all reasonable inferences in favor of the nonmoving
party, and it may not make credibility determinations or weigh the
evidence."  Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct.
2097, 2110 (2000).

**B.   Presumptions Applied in Habeas Cases**

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides "[t]he statutory authority of federal courts to issue habeas corpus relief for persons in state custody." Harrington v. Richter, 131 S. Ct. 770, 783 (2011). When considering a summary judgment motion courts usually resolve any doubts and draw any inferences in favor of the nonmoving party. Reeves, 120 S. Ct. at 2110. However, the amendments to 28 U.S.C. § 2254 contained in the AEDPA change the way in which courts consider summary judgment in habeas cases.

In a habeas proceeding 28 U.S.C. § 2254(e)(1) mandates that findings of fact made by a state court are "presumed to be correct." This statute overrides the ordinary summary judgment rule. Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002) (overruled on other grounds by Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004)). Therefore, a court will accept any findings made by the state court as correct unless the habeas petitioner can rebut the presumption of correctness "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The provisions of § 2254(d) set forth a "highly deferential standard for evaluating state-court rulings." Lindh v. Murphy, 117 S. Ct. 2059, 2066 (1997). A federal court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 120 S. Ct. 1495, 1519-20 (2000). A decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." Id. at 1523. In reviewing a state court's determination regarding the merit of a petitioner's habeas claim, a federal court cannot grant relief if "fairminded jurists could disagree on the correctness of the state court's decision." Richter, 131 S. Ct. at 786 (internal quotation marks omitted).

### III.  Analysis

#### A.   Involuntary Guilty Plea

Mendoza contends that his guilty plea was not intelligently or voluntarily made because his first appointed attorney did not meet with a private investigator and because Mendoza could not adequately communicate with her because she spoke a different

dialect of Spanish.[14]  After a new attorney, William Pattillo, was appointed Mendoza alleges that Pattillo did not speak Mendoza's native dialect, did not investigate the case, and told Mendoza that if he did not take the plea deal he would be given fifty years without parole.[15]  This claim was rejected by the state habeas court.  After considering an affidavit from defense counsel, the state habeas court found that Mendoza and his attorney "were able to communicate sufficiently, and [Mendoza's] claim that he was unable to understand [his attorney] is not credible."[16]  The state habeas court further found that "[t]here is no credible evidence suggesting that the applicant was not competent to stand trial. There is no credible evidence that material exculpatory evidence existed, but was not discovered by Patillo [sic].  [Mendoza's] suggestion to the contrary is not credible."[17]  Therefore, the state habeas court concluded that Mendoza "knowingly and voluntarily entered a plea of guilty."[18]

It is well established that "[a] guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and

--------

[14]Petition, Docket Entry No. 1, pp. 6-7.

[15]Id.

[16]Findings of Fact and Conclusions of Law, Docket Entry No. 9-2, p. 50 ¶ 5.

[17]Id. ¶¶ 6-7.

[18]Id. ¶ 8.

intelligently." <u>Montoya v. Johnson</u>, 226 F.3d 399, 404 (5th Cir. 2000). "The critical issue in determining whether a plea was voluntary and intelligent is 'whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect.'" <u>James v. Cain</u>, 56 F.3d 662, 666 (5th Cir. 1995) (citation omitted). "On federal habeas review, it suffices if a defendant is informed of the maximum term of imprisonment. 'As long as [the defendant] understood the length of time he might possibly receive, he was fully aware of his plea's consequences.'" <u>Hobbs v. Blackburn</u>, 752 F.2d 1079, 1082 (5th Cir. 1985) (quoting <u>Bradbury v. Wainwright</u>, 658 F.2d 1083, 1087 (5th Cir. 1981)).

The habeas record established that Mendoza understood the charges against him and the consequences if he were to plead guilty. He executed judicial confessions to two counts of aggravated sexual assault of a child and one count of sexual assault of a child in open court on October 19, 2012.[19] Mendoza was admonished that he faced a sentence of life or a term of not more than 99 years or less than 15 years in prison for Counts I and II.[20] In exchange for Mendoza's agreement to plead guilty to Counts I and II, the State agreed to recommend 40 years' confinement in the

---

[19]Waivers, Consent, Judicial Confession & Plea Agreement, Docket Entry No. 9-2, pp. 57, 64, 71.

[20]Admonitions to the Defendant for Plea to Court, Docket Entry No. 9-2, pp. 56, 63.

TDCJ.[21]  In connection with his guilty plea to Count III, Mendoza was admonished that he faced a sentence of no more than 20 years or less than two years.[22]  In exchange for his agreement, the state recommended a sentence of 20 years in TDCJ.[23]  For Counts I, II, and III, the state agreed to allow Mendoza's jail time credit of 308 days to count towards his sentence.[24]  Mendoza was also admonished of the sexual offender registration requirements that would be imposed upon him if he pled guilty.[25]  The judicial confessions were signed by Mendoza, his defense counsel, the prosecutor, and the trial court.[26]

Mendoza's defense counsel, William Pattillo, submitted an affidavit to the state habeas court refuting Mendoza's assertion that he could not effectively communicate with his counsel.[27]  In his affidavit, Pattillo explained that he was fluent in Spanish,

---

[21]Waivers, Consent, Judicial Confession & Plea Agreement, Docket Entry No. 9-2, pp. 57, 64.

[22]Admonitions to the Defendant for Plea to Court, Docket Entry No. 9-2, p. 70.

[23]Waivers, Consent, Judicial Confession & Plea Agreement, Docket Entry No. 9-2, p. 71.

[24]Id. at 57, 64, 71.

[25]Supplemental Admonitions to the Defendant for Sex Offender Registration Requirements, Docket Entry No. 9-2, pp. 58-59, 65-66, 72-73.

[26]Waivers, Consent, Judicial Confession & Plea Agreement, Docket Entry No. 9-2, pp. 57, 64, 71.

[27]Pattillo Affidavit, Docket Entry No. 9-2, p. 37.

had a co-worker of Hispanic descent who was also fluent in Spanish, and that a certified court reporter was present at each of Mendoza's court settings.[28]  In response to Mendoza's complaint that Pattillo did not adequately investigate the case,[29] Pattillo stated that "[t]here was NO evidence that controverted the state's case against Brulio [sic] Mendoza.  There was no alternative BUT to accept a plea bargain offer."[30]  Furthermore, Mendoza fails to suggest how counsel failed to discover any evidence favorable to his case.  Pattillo discussed the plea offer with Mendoza and believed that it was in Mendoza's best interest to accept the plea deal because, given the nature of the charge against Mendoza, a conservative Montgomery County jury could have given Mendoza a life sentence or a sentence longer than the plea bargain offer.[31]  In concluding that the guilty plea was both knowing and voluntary, the state habeas court found that Pattillo's affidavit was "credible."[32]  Mendoza's conclusory allegation that he would not have pleaded guilty but for being "very scared and [feeling] intimidated"[33] by his attorney and the sentence he would likely receive if the case went to trial does not render his plea involuntary.

---

[28]Id.

[29]Petition, Docket Entry No. 1, pp. 6-7.

[30]Pattillo Affidavit, Docket Entry No. 9-2, p. 37 ¶ 2.

[31]Id. at 38.

[32]Findings of Fact and Conclusions of Law, Docket Entry No. 9-2, p. 50 ¶ 4.

[33]Petition, Docket Entry No. 1, p. 7.

Official court records, such as the judicial confessions executed by Mendoza, defense counsel, the prosecutor, and the trial court, "are entitled to a presumption of regularity and are accorded great evidentiary weight" on habeas corpus review. Hobbs, 757 F.2d at 1081 (citations omitted). Likewise, "[solemn] declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 97 S. Ct. 1621, 1629 (1977); see also United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy."); United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998) (quoting Blackledge); DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994) ("Although their attestations to voluntariness are not an absolute bar to raising this claim, Appellants face a heavy burden in proving that they are entitled to relief because such testimony in open court carries a strong presumption of verity."). Representations made by the defendant, his counsel, and the prosecutor at a plea hearing, as well as the findings made by the trial judge accepting the plea, create a formidable barrier to a subsequent collateral attack. Blackledge, 97 S. Ct. at 1630.

Credibility findings, such as those made by the state habeas court with regard to Pattillo's Affidavit,[34] are entitled to substantial deference on federal habeas review. See Coleman v.

---

[34]Pattillo Affidavit, Docket Entry No. 9-2, p. 38.

Quarterman, 456 F.3d 537, 541 (5th Cir. 2006) (citing Guidry v. Dretke, 397 F.3d 306, 326 (5th Cir. 2005)). The state court's factual findings and credibility determinations are presumed correct for the purposes of federal habeas corpus review unless they are rebutted with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Valdez v. Cockrell, 274 F.3d 941, 947 (5th Cir. 2001); see also Mays v. Stephens, 757 F.3d 211, 214 (5th Cir. 2014) ("'The presumption is especially strong when the state habeas court and the trial court are one in the same.'") (quoting Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000); Boyle v. Johnson, 93 F.3d 180, 186 (5th Cir. 1996) ("The presumption is particularly strong where, as here, the habeas court was the same court that presided over the trial."). Because Mendoza does not present any evidence rebutting the state findings, the state court's fact findings are presumed correct.

Mendoza has not overcome the substantial barrier imposed by the record, and he has not demonstrated that his guilty plea was involuntarily or unknowingly made. Because Mendoza has not established that the state habeas court's decision to deny relief was objectively unreasonable, he is not entitled to relief on this claim.

**B.   Ineffective Assistance of Trial Counsel**

Mendoza argues that he was denied the effective assistance of trial counsel because his trial counsel failed (1) to conduct a

-12-

complete and thorough investigation; (2) to have Mendoza evaluated by a forensic psychologist both for competence and to determine whether he fit the profile of a pedophile; (3) to request access to the minutes of the Grand Jury from the trial court, because the complaining witness was unwilling to participate in the investigation of the allegations contained within the indictment used to prosecute Mendoza; (4) to interview the complaining witness or other witnesses who Mendoza had informed his counsel could provide favorable evidence for his defense, and (5) to provide any assistance other than a pro forma representation.[35]  Mendoza's claim of ineffective assistance of trial counsel was rejected on state habeas corpus review.  The state habeas court found that "[Mendoza] has failed to prove by a preponderance of the evidence that he was denied his right to the effective assistance of counsel."[36]

A claim of ineffective assistance of counsel is governed by the test set out in Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984), which requires the defendant to establish both constitutionally deficient performance and actual prejudice.  To be entitled to habeas corpus relief on this issue, Mendoza must show that his trial counsel's performance was deficient and that his trial counsel's deficient performance prejudiced the defense.  Id. The first prong of the test requires a showing that "counsel made

---

[35]Petition, Docket Entry No. 1, pp. 6, 8-9.

[36]Findings of Fact and Conclusions of Law, Docket Entry No. 9-2, p. 50 ¶ 2.

-13-

errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id.

Under the second prong the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 2068. See also Wilkerson v.  Collins, 950 F.2d 1054, 1064 (5th Cir. 1992).  A "mere possibility" that a different result might have occurred is not enough to demonstrate prejudice. Lamb v. Johnson, 179 F.3d 352, 359 (5th Cir. 1999).  In the guilty-plea context, the prejudice inquiry "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 106 S. Ct. 366, 370 (1985). Mendoza bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. Further, he must demonstrate a reasonable probability that he would have changed his plea. See Arnold v. Thaler, 630 F.3d 367, 370 (5th Cir. 2011).

If the petitioner makes an insufficient showing on one prong of the test, the court need not address the other prong. Strickland, 104 S. Ct. at 2069.  To prevail Mendoza must overcome a strong presumption that counsel rendered adequate assistance and made decisions in the exercise of reasonable professional judgment. Id. at 2065.  He must also overcome the presumption that under the circumstances his attorney's acts or omissions might be considered

-14-

sound trial strategy.  Id.  See also Bell v. Cone, 122 S. Ct. 1843, 1852 (2002).

Mendoza's five grounds for relief pertain to his attorney's failure to thoroughly investigate the sexual assault of his stepdaughter.  In determining whether or not an attorney's investigation was reasonable the court must consider the evidence already known to counsel and whether such evidence would lead a reasonable attorney to investigate further.  Wiggins v. Smith, 123 S. Ct. 2527, 2538 (2003).  "[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."  Strickland, 104 S. Ct. at 2066.  "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."  United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989).  Counsel should interview potential witnesses and independently investigate the facts and circumstances of the case.  Bryant v. Scott, 28 F.3d 1411, 1415 (5th Cir. 1994).  However, defense counsel is not required to investigate everyone whose name is mentioned by the defendant.  Schwander v. Blackburn, 750 F.2d 494, 500 (5th Cir. 1985).

Mendoza relies solely upon his own conclusory allegations, which are not supported in the record.  In his affidavit Pattillo described his investigation of the facts of the case and why he

-15-

explained to Mendoza that it was in his best interest to accept a plea bargain.[37]  Having considered the Affidavit, the state habeas court and the Court of Criminal Appeals rejected Mendoza's claim of ineffective counsel.[38]

In his federal Petition, Mendoza does not rebut the state court's determinations.  He fails to address both the state habeas court's findings and Pattillo's Affidavit.[39]  Mendoza also does not show how Pattillo failed to discover any new evidence favorable to him.  Mendoza has therefore not met the burden of showing with specificity what the investigation would have revealed and how it would have altered his decision to go to trial.  More importantly, Mendoza does not demonstrate the requisite prejudice because he does not allege that, but for his counsel's advice, he would not have pleaded guilty and would have insisted on going to trial.  See Hill, 106 S. Ct. at 370.  Absent a showing of deficient performance and actual prejudice, Mendoza has not shown that the state court's decision to deny relief was objectively unreasonable.

C.   **Actual Innocence**

Mendoza asserts that he is innocent of the offenses for which he has been convicted.  In support of his alleged innocence he

---

[37]Pattillo Affidavit, Docket Entry No. 9-2, p. 38.

[38]Action Taken, Writ No. 83,696-01, Docket Entry No. 9-1, p. 1.

[39]Petition, Docket Entry No. 1, pp. 6-8.

-16-

contends that a "fatal variance" existed between the evidence adduced at trial and the evidence alleged in the indictment for Counts I and II because each failed to specify where he "had stuck his finger into" or "where applicant allegedly inserted his sexual organ."[40]   He also alleges that the evidence at trial failed to "comport with" the allegations in Count III of the indictment.  The state habeas court rejected Mendoza's claim of actual innocence. The state habeas court determined that "there is no credible evidence that material exculpatory evidence existed . . . [Mendoza's] suggestion to the contrary is not credible."[41]  Thus, Mendoza's actual innocence claim is meritless.

A claim of actual innocence, standing alone, is not a cognizable ground for relief on federal habeas corpus review. Herrera v. Collins, 113 S. Ct. 853, 860 (1993).  Instead, a claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred constitutional claim considered on the merits."  Id. at 862. Moreover, claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.  Id. at 860.  A peti-tioner seeking to surmount a procedural default through a showing

---

[40]Petition, Docket Entry No. 1, pp. 10-11.

[41]Findings of Fact and Conclusions of Law, Docket Entry No. 9-2, p. 50 ¶ 7.

of "actual innocence" must support his allegations with new, reliable evidence that was not presented at trial and must show that it was more likely than not that in light of the new evidence no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. Schlup v. Delo, 115 S. Ct. 851, 866-67 (1995).

Mendoza provides no new evidence or facts to support his innocence. Instead, he alleges that there was a variance between the indictment and the evidence adduced at trial.[42]   The state habeas court rejected Mendoza's claim because "the indictment in this case was not defective" and thus a fatal variance does not exist.[43]

"The sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." Yohey v. Collins, 985 F.2d 222, 229 (5th Cir. 1993); Johnson v. Puckett, 930 F.2d 445, 447 (5th Cir. 1991); Morlett v. Lynaugh, 851 F.2d 1521, 1523 (5th Cir. 1998). Whether an indictment is fatally defective must be determined by "looking to the law of the state where the indictment was issued." Yohey, 985 F.2d at 229; Johnson, 930 F.2d at 447. A federal habeas court

---

[42]Petition, Docket Entry No. 1, p. 8.

[43]Findings of Fact and Conclusions of Law, Docket Entry No. 9-2, p. 50.

will not consider such claims if the sufficiency of the indictment has been presented to the highest state court of appeals, either explicitly or implicitly, and that court has held that the trial court has jurisdiction over the case. Yohey, 985 F.2d at 229; Morlett, 851 F.2d at 1523; Alexander v. McCotter, 775 F.2d 595, 599 (5th Cir. 1985).

Mendoza raised this claim of defective indictment in his state habeas corpus application.[44] The Texas Court of Criminal Appeals denied relief, thereby rejecting Mendoza's claim that the indictment was insufficient.[45] Because the highest state court has considered the sufficiency of Mendoza's indictment and failed to find it defective, Mendoza is foreclosed from proceeding on this ground in a federal habeas action. Furthermore, a violation pertaining to a variance under state law is a question of state criminal procedure that is not cognizable in a federal habeas court. Rubio v. Estelle, 689 F.2d 533, 536 (5th Cir. 1982). Thus, Mendoza's challenge to the validity of the indictment fails to state a claim upon which relief can be granted. Because Mendoza has failed to establish a valid claim for relief under 28 U.S.C. § 2254(d), his federal petition will be denied.

---

[44]State Application for a Writ of Habeas Corpus, Docket Entry No. 9-2, pp. 11-13.

[45]Action Taken, Writ No. 83,696-01, Docket Entry No. 9-1, p. 1.

## IV.  Certificate of Appealability

The Petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certificate of appealability to issue before an appeal may proceed. See Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).  Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard, 124 S. Ct. at 2565 (quoting Slack, 120 S. Ct. at 1604).  Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 123 S. Ct. at 1039.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, <u>sua sponte</u>, without requiring briefing or argument. <u>See Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## V. <u>Conclusion and Order</u>

For the reasons explained above, the court **ORDERS** the following:

1. Respondent's Motion for Summary Judgment (Docket Entry No. 8) is **GRANTED**.

2. Bruilo Rudio Mendoza's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DENIED**, and this action will be dismissed with prejudice.

3. A certificate of appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this the 27th day of June, 2016.


_____
SIM LAKE
UNITED STATES DISTRICT JUDGE